NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENDRA RIGHTSELL, | No. 24-2796 |
| Plaintiff - Appellant, | D.C. No. 2:19-cv-04713-GMS |
| v. | |
| CONCENTRIC HEALTHCARE SOLUTIONS LLC, Arizona limited liability company doing business as Concentric Healthcare Staffing; KYLE SILK; CHRIS BOLLINGER; JANE DOES, Spouses; Unknown Silk; Unknown Bollinger, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted May 12, 2025
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.
Partial Dissent by Judge BUMATAY.

Kendra Rightsell (Rightsell) appeals from the district court's judgment following

a jury verdict in her favor on claims of interference and retaliation under the Family

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., against Defendants Concentric Healthcare Solutions and its Founder and Chief Operating Officer, Kyle Silk. Although the jury found Defendants liable, the district court limited Rightsell's relief to partial backpay, liquidated damages, simple interest, and reduced attorney's fees and costs. The district court denied reinstatement, front pay, and other equitable relief. We AFFIRM in part, VACATE in part, and REMAND.

## 1. Backpay Calculation

The district court did not clearly err in finding that Rightsell failed to mitigate her damages by voluntarily resigning from a substantially equivalent position and failing to pursue comparable employment thereafter. Rightsell had obtained such a position at Funding Well Capital, resigned for personal reasons, and did not subsequently seek similar employment with reasonable diligence.

The district court abused its discretion in applying a 13.0% fringe benefit rate. The only evidence in the record was testimony from Rightsell's expert that the "assumption" for the fringe benefit rate was 13.2%. Because the district court rounded the percentage down without any support in the record, he abused his discretion. *See United States v. Williams*, 68 F.4th 564, 571 (9th Cir. 2023) (noting that a district court abuses its discretion when its application of the law is "without support from the facts in the record") (citation omitted). We respectfully disagree

2

with our dissenting colleague's view that the judge may arbitrarily disregard an expert's opinion without any support in the record for doing so. *See id.*

The district court clearly erred in applying a 1.5% discount rate to past-due wages. Backpay for prior lost earnings must be awarded at face value. *See Trevino v. United States*, 804 F.2d 1512, 1517 (9th Cir. 1986); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 509 (9th Cir. 2000). We thus vacate and remand for recalculation of the backpay award without application of a discount rate. On remand, the district court may reconsider whether it is appropriate to apply compound interest to the calculation of prejudgment interest. *See* 29 U.S.C. § 2617(a)(1)(A)(ii); 28 U.S.C. § 1961(a)-(b).

## 2. Attorney's Fees

The district court applied the correct legal standard and reasonably considered the limited relief obtained and Rightsell's rejection of substantial pretrial settlement offers. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). However, in view of our remand on some of the damages calculations and the requested equitable relief, we also remand for the district court to reconsider its award of fees after resolving the remanded issues.

We acknowledge and respect our dissenting colleague's reasoning regarding the settlement offer. However, the settlement offer is only one factor in determining

3

attorney's fees. *See id*. On remand, the district court retains discretion to consider additional relief, if any, and all other factors pertinent to the award of fees. *See id*.

### 3. Equitable Relief

The district court did not abuse its discretion in denying reinstatement or front pay. But it failed to address Rightsell's requests to purge her personnel records. We remand for the district court to consider and explain its decision regarding this request. We retain jurisdiction over this appeal following remand.

**AFFIRMED in part, VACATED in part, and REMANDED.[1] Costs on appeal to Plaintiff.**

---

[1] Rightsell's Motion Seeking Leave for District Court to Correct Judgment Based on Clerical Mistake (Dkt. #10) is GRANTED.

*Rightsell v. Concentric Healthcare Solutions LLC, et al*, No. 24-2796
BUMATAY, Circuit Judge, dissenting in part:

I respectfully dissent in part. While I agree with the majority's resolution of most issues, I disagree with its conclusions regarding the fringe benefit rate and the remand for reconsideration of attorney's fees.

The district court acted within its discretion in rounding the proposed 13.2% fringe benefit rate to 13.0%. Rightsell's expert expressly characterized the 13.2% figure—comprising 6.2% for Social Security and 7.0% for healthcare—as "assumed." Given the equivocal nature of this testimony, the district court was under no obligation to adopt the estimate wholesale. A factfinder may credit parts of an expert's opinion while disregarding others. *Moore v. Chesapeake & O. Ry. Co.*, 340 U.S. 573, 579 (1951) (Black, J., dissenting); *Alberts v. HCA, Inc.*, 496 B.R. 1, 16 (D.D.C. 2013).

Even if Rightsell were to prevail on all remanded issues, her total damages would remain well below Concentric's pretrial settlement offers of $100,000 and $200,000. The district court reasonably relied on that substantial disparity in reducing attorney's fees, finding that post-offer legal work did not materially improve the outcome. Because that disparity persists, there is no basis to disturb the district court's discretionary fee determination, and I would not remand for reconsideration.